FELICIDAD RAMÍREZ DE ARELLANO DE CALDAS, ETC., Plaintiff and Appellant, *v.* JOSÉ R. NOGUERA, SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 645. Decided June 28, 1962.

794

*Celestino Morales, Jr.,* and *Antonio R. Barceló, Jr.,* for appellant. *J. B. Fernández Badillo, Solicitor General, Arturo Estrella, Acting Solicitor General,* and *Genoveva R. Carrera, Assistant Solicitor General,* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

"We must never forget that every law suit is unique, at least with respect to its participants, who believe —and rightly so—that they are entitled to the best possible kind of justice at the hands of the court and jury. If this be so—and there is no gainsaying it— mass production methods and assembly-line techniques are utterly incompatible with the sound administration of justice. Every case is entitled to all the time and effort necessary for a fair trial, but not to one minute of delaying tactics.

. . . . . . . .

"If we were to have to decide between justice administered as rapidly as possible consistent with the allowance of a fair amount of time for each successive step in preparation for trial in the manner just outlined and a possible better brand of justice to be obtained by taking a longer time, I would unhesitatingly favor the better, slower kind of justice. But the kind of justice I have been discussing contemplates the full discovery of facts before trial and thorough preparation on the law by counsel. Thus a trial becomes not a sporting event, as Dean Pound has aptly characterized the old practice, but an orderly search for truth in the interests of justice.

. . . . . . . .

". . . Of all the pretrial devices it is by all odds the most important. I gather from what I read in the newspapers that some judges in the other states conceive of a pretrial conference as a device for forcing settlements. There could be no greater mistake and no conduct better devised to bring the administration of justice into disrepute. . . . No, the grand objective of a pretrial conference is to prepare the

trial judge and counsel on each side for the best possible trial of such cases as are fought to a conclusion."

On August 15, 1961 appellant filed a complaint in the San Juan Part of the Superior Court alleging that she had paid an income-tax deficiency in the sum of $1,390.20 which was assessed to her when the Secretary of the Treasury refused to allow a deduction of $2,500 of a life annuity paid by her to a third person, and that this deficiency was not proper at law because such life annuity was a deductible item. On September 20 the complaint was answered admitting the facts, the Secretary alleging that according to the Income Tax Act the said annuity was not deductible. It will be seen that the issue was joined only on a question of law.

On October 9, 1961 notice was given to the parties of a pretrial conference which had been set for November 14.[1] On November 6 Celestino Morales, Jr., one of the attorneys for plaintiff, moved in writing for a continuance of the conference, notice of which was given to the adverse party, informing that on the date thereof he would be away from Puerto Rico in official business of his profession and that he could not attend. The adverse party did not file a motion of opposition nor moved for any relief. On November 14, 1961, the day of the conference, the trial court rendered the following judgment which was notified on November 16:

"Only defendant's attorney appeared at the pretrial conference. The record contains a motion for continuance made by plaintiff. The ground adduced in that motion is without merit, since it does not explain the urgency of the trip nor the

---

[1] The order is a general form already drawn up which includes the consideration of matter which possibly would not have been necessary in this case such as: (1) the simplification of the issues; (2) the possibility of obtaining admission of facts and documents which will avoid unnecessary proof; (3) the desirability of submitting issues to a master; (4) the limitation of the number of expert witnesses; (5) authorization of the attorneys for making a settlement.

reason why the other attorney is not able to appear at the hearing.

"Taking into account the fact that more than a month ago notice was given to the parties of the order setting the pretrial conference, the lack of merits of the motion for continuance, and the nonappearance of the attorney for plaintiff, judgment is hereby rendered dismissing the complaint. Rule 37.2 of the Rules of Civil Procedure."

On November 27 plaintiff-appellant moved for reconsideration alleging that the attorney in the case was Lic. Morales and that he had been compelled to go urgently abroad; that the attorney referred to by the court in its judgment had not intervened in the case and was not acquainted with the details thereof; and that there had been no intention to violate the order of the court as evidenced by the fact that a motion for continuance had been filed in due time. The following day, without hearing the parties, the trial court entered the following order:[2]

"Prompted by a desire to decide the judicial controversies on the merits, we have read the motion for reconsideration filed by plaintiff. If we were to sanction the procedure followed by plaintiff herein, we would undermine the court's duty to dispatch with reasonable promptness all matters filed. The mere filing of a motion for continuance alleging only that one of the attorneys of record, who is not the attorney who subscribed the complaint, *will be* outside of Puerto Rico on official business of his profession does not stay by itself the judicial hearings. The motion for reconsideration, far from convincing us, leads us to ratify our judgment as a measure aimed at a good and efficient administration of justice.

"The motion for reconsideration is denied."

The words at the beginning are beyond all suspicion. They come from a crusader in the defense of a more speedy

---

[2] Although appellant moved for reconsideration, in view of the grounds adduced and the relief sought such motion was, for all purposes, a motion to vacate a judgment under Rule 49.2. In *Martínez* v. *Superior Court*, 83 P.R.R. 345 (1961), we held that a motion of this nature should not be passed upon without hearing the parties.

administration of justice and against the delay in the resolution of actions, the late Chief Justice of the State of New Jersey, Arthur T. Vanderbilt.[3]    We looked to New Jersey at the time of devising our present system of justice administration.    At least, the words of Mr. Justice Vanderbilt remind, even in the most laudable purpose for a speedier administration of justice, that there are values, and also that there are values to preserve.    It is within the sound discretion of the trier to establish the desirable equilibrium of those values so that none of them be frustrated as a result of the others.

Rule 37.2 of the Rules of Civil Procedure provides that if a party fails to appear, refuses participation, or appears without being duly prepared, at a pretrial conference, the court may dismiss the complaint, strike the pleadings of the defendant, order the payment of costs and attorney's fees, or make such order as is *just*.    This rule has no counterpart in Rule 16 of the Federal Rules of Civil Procedure.    Although as a question of power the power of the court to dismiss a complaint for failure to appear at a pretrial conference is unquestionable, under circumstances such as those in this case and in merely ordinary circumstances such sanction is highly injurious because of the consequence which it entails.    To dismiss offhand a complaint or an answer as a means of applying sanction to the action or conduct of the attorney in the course of the action, has the effect of depriving a citizen of the judicial function of adjudication which is part of our constitutional structure, denying to him the opportunity to have a day in court for the purpose of asserting on the merits the genuineness of his right to claim, if he is plaintiff, or the genuineness and merits of a defense, if he is defendant.    This is a too highly esteemed value in the social order to be promptly sacrificed, even though such sanc-

---

[3] From the address delivered in Boston by Chief Justice Vanderbilt before the Eighth Annual Convention of NACCA on September 2, 1954.

tion is for the sake of a prompt dispatch of the matters filed and a speedy administration of justice. If the judicial actions were indistinctly dismissed in this fashion, there is no question that the matters are dispatched, but perhaps due justice has not been imparted.

The occurrence of such incidents is normal and ordinary in the prosecution of an action. They are not unusual. They must be taken as part of a minimum of inevitable evils of the prosecution consubstantial with the system itself of imparting justice, as the ills of health are consubstantial with the human being. This does not mean that in either case they are not to be attacked by the proper means.

■ The dismissal of an action without considering the same on the merits as a means of sanction should be among the last resources to be applied after other sanctions have been found to be ineffective in the administration of justice, and in any event resort should not be had thereto without giving previous warning. Otherwise the desirable equilibrium of values equally important to which we referred could not be maintained.

■ We do not even intimate that the trial court could not have applied some sanction in the situation in this case. We will not interfere, nor would it be advisable to do so, with its power to impose appropriate correctives and to prosecute the actions in such manner as in its best discernment is more effective. However, not every action or position taken by the attorney during the prosecution should prejudice offhand the litigating citizen in the sense of depriving him of the adjudication of his rights on the merits. Ordinarily the party who exercises his right in court is not informed of the routinary procedures. Although it is true that the attorney is his representative and that his representation obligates him—a litigant assumes the responsibility of his designation and he could not elude the consequences of the res judicata, for example, because his attorney did not

pose the proper issues—in other aspects of the representation, such as the case at bar, primary responsibility to the court, as its officer which he is, is the attorney's. Hence, as distinguished from other agencies and commission, the attorney's demeanor is vested with a public interest and comes within the strict censure and disciplinary action of the court.

Although this is a function of the trial court in which we will interfere as little as possible, under the present circumstances we are bound to set aside the judgment appealed from and to remand the case in order that, except for the dismissal of the complaint, the trial court may apply any sanction which it may deem appropriate for the nonappearance of the attorney at the pretrial conference, if it finds that it is absolutely necessary, and continue with the proceedings.